## No. 4573.

## E. J. GAY *v.* R. O. HEBERT, Tax Collector.

Where the resistance to the payment of State taxes was founded on the ground that the clerk, sheriff and recorder, before proceeding to make the assessment on which the tax is levied, gave no notice in the official journal of the parish, as required by section forty of the Revenue law, acts of 1871, 116;

Held—That the plaintiff's objection rested merely on technical grounds, inasmuch as he had paid voluntarily his parish taxes, which were levied under the same law, by the same parties, upon the same assessment, at the same time and in the same manner in every respect as the State taxes, and had several times promised to pay said taxes; and inasmuch also as he had made in this proceeding no complaint of any error, injury, or injustice in the assessment and levying of the taxes.

The object of section forty of the Revenue law of 1871 is to give the taxpayer notice, that he may have an opportunity to have errors corrected and a just assessment made. Where it is proved that he had such notice, he has no cause to complain.

There is no prohibition in the constitution against the sale of property for taxes in lots of from ten to fifty acres, or any other quantity. The fact that the constitution directs that all lands sold in pursuance of decrees of courts shall be divided into tracts of from ten to fifty acres, does not inhibit the legislature from directing lands sold under other process to be similarly divided.

The impracticability of the proceeding prescribed by law and the imposing of the cost thereof upon the purchaser of lands sold for taxes, are not good grounds for an injunction on the part of the taxpayer. The consequences referred to will rest with the State and the purchaser.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey,* J. *Barrow & Pope,* for plaintiff and appellant. *A. & E. B. Talbot,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell.

HOWELL, J. The plaintiff has appealed from a judgment dissolving

---

NOTE.—It has been deemed unnecessary to report the cases of Carmelite Picou, Charles A. Slark, Emily Woolfork et al., and Andrew H. Gay, against the same collector, because the reasons assigned for judgment in those suits are the identical ones given in this case.—REPORTER.

an injunction sued out by him to restrain the defendant, as tax collector, from selling property to pay his State taxes.

Only two grounds are urged in this court to sustain the injunction, to wit:

*First*—That the clerk, sheriff and recorder, before proceeding to make the assessment on which the tax is levied, gave no notice in the official journal of the parish, as required by section forty of the Revenue law of 1871." Acts 1871, 116.

Said section is in the following words :

"That the property described in the description rolls of the tax collectors, shall be assessed by the clerk of the district court, the recorder and sheriff of the parish, who are hereby charged with such assessment, in addition to their other duties. For this purpose they shall give notice in the official journal of the parish to all taxpayers, and where there is no official paper, they will post on the courthouse door of the parish such notice, that they will assess the property of the parish for one month, commencing on the first day of August and ending on the first day of September."

It seems that there were three weekly papers published at the time, in the parish of Iberville, one of which was selected under the State law, as the official journal, another selected by the police jury as the official journal for the parish, and the other without any pretension to an official capacity; that the notice required by the above section was not published in the State official journal, but was published in the other two; that the agent of the plaintiff appeared before the board of assessors to procure the reduction of the assessment; that the plaintiff paid his parish taxes, which were levied under the same law, by the same parties, upon the same assessment, at the same time and in the same manner in every respect, as the State taxes; that he promised several times to pay the State taxes, and that he is making no complaint in this proceeding of any error, injury or injustice in the assessment and laying of the taxes, but is simply objecting on technical grounds to paying State taxes, having paid his parish taxes.

Why the notice and assessment should be good and sufficient as to one, and illegal and insufficient as to the other, we are at a loss to comprehend.

The object of the law is to give the taxpayer notice, that he may have an opportunity to have errors corrected, and a just assessment made. This the plaintiff had, and we can perceive no reasonable ground for the complaint he is urging, and particularly as he shows no injury to him by the assessment and levying of his tax.

*Second*—The sale could not be made in ten and fifty acre lots; first, because there is no constitutional authority; and secondly, the pro-

vision of section sixty-three of the Revenue law is inoperative—no *modus* being provided in the act.

The said section is as follows:

" That all lands sold in pursuance of this act shall be divided in accordance with article one hundred and thirty-two of the constitution, and the cost of the survey for the purpose of division shall be borne by the party purchasing."

There is no prohibition in the constitution against the sale of property for taxes in lots of from ten to fifty acres, or any other quantity. The fact that the constitution directs that all lands sold in pursuance of decrees of courts should be divided into tracts of from ten to fifty acres, does not inhibit the legislature from directing lands sold under other process to be similarily divided.

The impracticability of the proceeding and the imposing of the cost thereof upon the purchaser, are not good grounds for an injunction on the part of the taxpayer. He can avoid all trouble on the subject by paying his taxes, and if he fails to do so, the consequences referred to will rest with the State and the purchaser.

Judgment affirmed.

———

MORGAN, J., *dissenting.* I can not agree with the majority of the court in the decree which has just been rendered.

I think that where a man's property is seized under execution, it is his right to see that all the formalities required by the law have been complied with.

In the present case it is contended that the clerk, sheriff and recorder, before proceeding to make the assessment on which the tax is levied, gave no notice in the official journal of the parish as required by section forty of the revenue law of 1871.

It is admitted that there were three newspapers published in the parish where the property seized is situated. Now it appears that the only paper in which notice of assessment should have been published is precisely the only one in which it was not published.

Where no advertisement has been made the tax can not be recovered, and there is no legal advertisement except when made in the legal manner and published in the paper designated by law.

It is no answer to say that plaintiff paid his parish taxes, which were advertised in the same paper. Admitting that he waived his rights in one instance, he is not precluded from asserting them in another.

Besides there is nothing to show that he did waive any of his rights except that Butler, acting for him, appeared before the board and en-

deavored to make arrangements with reference to the taxes.  He had the right in case the demands he made were not complied with, to insist, in his turn, upon the non-compliance with the requirements of the law being a sufficient ground for refusing to comply with terms which he considered unreasonable.

It is not contended that the plaintiff ever saw the notice, and Butler, who says he represented him before the board, says he did not represent him with reference to one piece of property at least, worth $25,000.  Under any circumstances, the judgment of the lower court is erroneous as to this plantation, and I think the decree should be reversed.